William W. Robertson (WR-2772)
Jeffrey A. Cohen (JC-7975)
Mellissa L. Longo (ML-3762)
ROBERTSON, FREILICH, BRUNO
& COHEN, L.L.C.
One Riverfront Plaza, 4th Floor
Newark, New Jersey 07102
(973) 848-2100

Bruce P. Keller (BK-9300)
S. Zev Parnass (SP-3284)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------- x
                                                                 :
NEW YORK FOOTBALL GIANTS, INC. and NFL                           :
PROPERTIES LLC,                                                  :    Civ. No.
                                                                 :
                    Plaintiffs,                                  :    **COMPLAINT AND**
                                                                 :    **JURY DEMAND**
            -against-                                            :
                                                                 :
CLEAR CHANNEL COMMUNICATIONS, INC.,                              :
                                                                 :
                    Defendant.                                   :
                                                                 :
---------------------------------------------------------------- x


          Plaintiffs New York Football Giants, Inc. ("New York Giants" or "Giants") and

NFL Properties LLC ("NFL Properties") (collectively, "Plaintiffs"), by their attorneys,

Debevoise & Plimpton LLP and Robertson, Freilich, Bruno & Cohen, L.L.C., for their

Complaint against defendant Clear Channel Communications, Inc. ("Clear Channel"),

allege as follows:

Dockets.Justia.com

## Preliminary Statement

1.    This action arises out of the unauthorized commercial use, for promotional purposes, of tickets to New York Giants professional football games ("Giants Tickets") by at least three Clear Channel-owned radio stations, WKGB-FM, WBBI-FM and WENE-AM (collectively, the "Clear Channel Stations").

2.    The terms and conditions on the backs of all Giants Tickets expressly prohibit the holder from using them for commercial purposes (including contests, sweepstakes and giveaways).  In violation of these terms and conditions, the Clear Channel Stations are running an unauthorized promotion which purports to permit the winners to attend Giants home football games.  In connection with that promotion, the Clear Channel Stations are making unauthorized use of the famous GIANTS® trademark and also are infringing the famous NEW YORK GIANTS® mark.

3.    This promotion is a willful breach of the terms and conditions on the backs of Giants Tickets and Clear Channel also is inducing the breach of those terms and conditions by winners of the promotion and its sources of the Giants Tickets.

4.    In addition, because Clear Channel knows, and has in fact conceded, that the Giants can refuse to admit any winner of the promotion to a Giants game or eject the winner, Clear Channel is falsely advertising to contestants that winners will be able to attend those games.

5.    Moreover, by using the distinctive GIANTS® trademark for commercial purposes, and by infringing the NEW YORK GIANTS® mark, Clear Channel has violated the exclusive trademark rights of the Giants and NFL Properties. Clear Channel's unauthorized conduct unfairly capitalizes on the goodwill and reputation embodied in the GIANTS® and NEW YORK GIANTS® marks and creates the false impression that the Clear Channel Stations and their promotions are sponsored, approved or endorsed by, or otherwise affiliated with, the Giants or the NFL.

6.    Plaintiffs have put Clear Channel and the Clear Channel Stations on notice that their conduct violates Plaintiffs' rights. Nonetheless, the Clear Channel Stations have failed to alter their conduct or otherwise address Plaintiffs' concerns, thereby necessitating the filing of this action.

**The Parties**

7.    Plaintiff New York Giants, a member club ("Member Club") of the National Football League ("NFL"), is a corporation duly organized and existing under the laws of the State of New York with its principal office located at Giants Stadium, East Rutherford, New Jersey 07073.

8.    Plaintiff NFL Properties is a limited liability company duly organized and existing under the laws of the State of Delaware. NFL Properties has its principal office located at 280 Park Avenue, New York, New York 10017. NFL Properties represents the

NFL and its Member Clubs, including the Giants, in the protection of their respective marks.

9.    Upon information and belief, defendant Clear Channel is a corporation duly organized and existing under the laws of the State of Texas with its principal office located at 200 East Basse Road, San Antonio, Texas 78209.

### Jurisdiction and Venue

10.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338, and 28 U.S.C. § 1367.

11.    This Court has personal jurisdiction over Clear Channel by virtue of its advertising, transacting and otherwise soliciting and doing business in this District.  For instance, upon information and belief, Clear Channel owns at least four radio stations in this District:  103.7 WNNJ-FM, 106.3 WHCY-FM, 1360 WNNJ-AM and 102.3 WSUS-FM.  Moreover, by its actions involving Giants Tickets and trademarks, Clear Channel has done significant damage to the Giants, a team based in New Jersey.  Accordingly, the exercise of personal jurisdiction by this Court would not offend due process.

12.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Clear Channel is deemed to reside in this District, a substantial part of the events giving rise to the claims occurred in this District and a substantial part of property that is the subject of this action is situated in this District.  In addition, the Giants have their principal place of business, and play their home football games, in this District and their

4

widespread marketing efforts originating in this District have contributed to the widespread recognition of their trademarks.

### The Famous GIANTS® and NEW YORK GIANTS® Marks

13.    The NFL brand of professional football and the identifying names, logos and other indicia associated with the NFL and its Member Clubs, including the Giants, are enormously popular both with sports fans and the general public.  NFL football is, and for many years has been, the most popular spectator sport in the United States.

14.    The New York Giants are one of the oldest and most successful Member Clubs in the NFL.  Founded in 1925, the Giants have won six NFL titles, including two Super Bowls (1986 and 1990).  The Giants currently play their home games at Giants Stadium in East Rutherford, New Jersey.

15.    Giants football games are broadcast over a network of radio stations, each of which has obtained the right to broadcast play-by-play coverage of Giants football games.  In addition, these licenses include promotional rights, which the radio broadcast licensees use to convey the message of the Giants' sponsorship, approval and endorsement.  The right to be a licensee in the Giants Radio Network is an extremely valuable right sought after by many radio stations.

16.    The NFL and NFL Properties have established an extremely successful business in the commercial licensing of the names, logos and other indicia identifying the NFL and its thirty-two Member Clubs (the "NFL Marks"), including the Giants, on and

in connection with a wide variety of goods and services through licensees, sponsors and other business partners. Based on the extensive advertising, promotional and marketing efforts of the NFL, NFL Properties and the Member Clubs, the NFL Marks, including the GIANTS® and NEW YORK GIANTS® marks, have acquired powerful secondary meaning and fame among consumers, representing significant goodwill of great value to the NFL, NFL Properties and the Member Clubs. Given the enormous popularity of NFL football and the widespread recognition by consumers of the NFL Marks, a licensing relationship with the NFL, NFL Properties or a Member Club is one of the most coveted and valuable commercial arrangements available in the United States because it conveys the message of the NFL's sponsorship, approval and endorsement.

17.     The GIANTS® and NEW YORK GIANTS® marks are among the Giants' two most famous trademarks. The Giants own an incontestable federal trademark registration for the GIANTS® mark (Reg. No. 1,174,596). Attached hereto as Exhibit A is a printout of the registration information for the GIANTS® mark from the United States Patent and Trademark Office ("USPTO") website. Likewise, the Giants own various incontestable federal trademark registrations for the NEW YORK GIANTS® mark, including Reg. Nos. 1,174,597, 1,843,003 and 1,927,075. Attached hereto as Exhibit B are printouts of the registration information for the NEW YORK GIANTS® mark from the USPTO website.

### Giants Tickets

18.     The back of every Giants Ticket states:

6

> This ticket may not be used for advertising, promotion or
> other commercial purposes (including contests,
> sweepstakes and giveaways) without the prior express
> written consent of the NFL and the Giants.

Attached hereto as Exhibit C (with the relevant language highlighted) is a copy of the

back of a Giants Ticket.

### Clear Channel's Conduct

19.    Clear Channel owns radio stations across the country, including several in

the Binghamton, New York area:  92.5 WKGB-FM, 107.5 WBBI-FM and 1430 WENE-

AM.

20.    The home page on each of these Clear Channel Station's websites

advertises an unauthorized promotion that represents that contestants can:  "Win NY

Giants Tickets."  *See* Exhibit D.  Clicking on that link takes the user to another webpage

that states:  "WIN NY GIANTS TICKETS" and "Stop by one of the locations below and

pick up a registration card to enter to Win 2 tickets to a Giant game at the Meadowlands."

Below that is a list of several stores where participants can pick up a registration card and

a list of games which a contest winner allegedly may be able to attend.  *See* Exhibit E.

21.    None of the Clear Channel Stations have been authorized to use Giants

Tickets as prizes in connection with any kind of giveaway, contest or promotion, nor

have the Clear Channel Stations been granted permission or authorization by the Giants,

NFL Properties or the NFL to use the GIANTS® mark or "NY GIANTS" (which

infringes the NEW YORK GIANTS® trademark), or any other NFL Marks, in connection

7

with any kind of giveaway, contest or promotion.  In fact, none of the Clear Channel

Stations is an official radio station of, or is in any way affiliated with, the Giants, a

distinction that, in the Binghamton, New York area, belongs to 99.1 WAAL-FM, a radio

station that paid for the opportunity to air play-by-play coverage of Giants football games

and otherwise promote its official association with the Giants.

22.    By engaging in the unauthorized promotional use of Giants Tickets, the

Clear Channel Stations have violated the terms and conditions on the backs of these

tickets, which expressly state that they may not be used for promotional or other

commercial purposes, including contests, sweepstakes and giveaways.  The Clear

Channel Stations also are causing promotion winners and its sources of Giants Tickets to

violate these same terms and conditions.

23.    In addition, through the unauthorized promotion, including the

commercial use of Giants Tickets and the use of trademarks owned by the Giants, the

Clear Channel Stations have created the false impression, and consumers are likely to

believe, that they are sponsored, approved or endorsed by the Giants or the NFL.  The

Clear Channel Stations' unauthorized conduct is thus a willful and bad faith attempt to

trade commercially on the goodwill of the Giants, the NFL and the GIANTS® and NEW

YORK GIANTS® marks.

24.    This is not the first time that radio stations owned by Clear Channel have

violated similar restrictions on the use of NFL football game tickets.  Since at least last

year, stations in Atlanta and Houston ran similar unauthorized promotions involving Atlanta Falcons and Houston Texans game tickets. Those stations, and Clear Channel itself, were put on notice of those violations and requested to honor the respective rights of the NFL and those Member Clubs. *See, e.g.*, Exhibits F-G.

25.    Plaintiffs have made repeated efforts to persuade the Clear Channel Stations to cease the specific conduct objected to in this action. The Giants informed WBBI-FM and WKGB-FM that these unauthorized Giants Ticket giveaways violated the Giants' and the NFL's rights. On October 14, 2005, NFL Properties sent WBBI-FM and WKGB-FM a letter demanding that they discontinue permanently all uses of NFL tickets in connection with promotions, giveaways or contests. *See* Exhibit H. Nonetheless, the conduct has continued.

26.    Interestingly, in contrast to the continued conduct of the Clear Channel Stations, another Clear Channel-owned station, 103.7 WNNJ-FM in New Jersey, also had been running an almost identical Giants Ticket promotion. The home page on WNNJ-FM's website stated: "WIN GIANTS TICKETS!" and displayed the Giants' NY® Logo. *See* Exhibit I. An Internet user who clicked on the "WIN GIANTS TICKETS!" link reached another webpage that stated: "WIN GIANTS TICKETS!" and "103.7 WNNJ has your tickets to see a Giants home game. Cheer on the Big Blue Wrecking Crew in Section 118 of the Meadowlands!" Below that appeared a list of several locations where participants could win Giants Tickets and a list of games which a contest winner allegedly could attend. This page also displayed the NY® Logo. *See* Exhibit J.

27.    When a letter, similar to the one sent to WBBI-FM and WKGB-FM, was sent to WNNJ-FM on November 8, 2005, however, *see* Exhibit K, WNNJ-FM agreed to cease its activities relating to Giants Tickets and trademarks.  Accordingly, this action does not seek any relief against WNNJ-FM.

28.    The Clear Channel Stations, however, initially promised to cease their conduct but have since refused to cooperate with Plaintiffs' demands, apparently at the urging of Clear Channel itself.  Attached hereto as Exhibit L is a memorandum from Clear Channel's Associate General Counsel confirming that, whatever an individual station might do, Clear Channel's position "has long been to deny that we are violating the rights of any event organizer . . . when we give away tickets, and to refuse to stop giving the tickets away."  Nevertheless, Clear Channel has conceded that a Member Club can deny admission to a promotion winner.  *See* Exhibit M.

### Count I:  Breach of Contract

29.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 28 above as if fully set forth herein.

30.    Giants Tickets are issued by the Giants in exchange for consideration.  A valid enforceable contract is formed at that point, the terms and conditions of which, plainly printed on each ticket, bind all holders of Giants Tickets.

31.    The terms and conditions on the backs of Giants Tickets that form the contract expressly prohibit the holder from using them for commercial purposes (including contests, sweepstakes and giveaways).

32.    The acts of Clear Channel, as described above, constitute a breach of the terms and conditions on the backs of Giants Tickets.

33.    The acts of Clear Channel, as described above, have damaged Plaintiffs in an amount that cannot be ascertained at this time and, unless restrained, will cause further damage.

34.    By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Clear Channel, restraining further acts of breach of contract and, after trial, to recover the damages resulting from the aforesaid acts of breach of contract together with Clear Channel's profits.

### Count II:  Tortious Interference With Contractual Relations

35.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 34 above as if fully set forth herein.

36.    Clear Channel long has had knowledge of the terms and conditions that bind the holders of Giants Tickets, in part because the NFL repeatedly has made it aware of them.

37.     Clear Channel, as described above, intentionally and maliciously has interfered with these contracts by wrongfully inducing the breach of these contracts. In particular, Clear Channel is inducing third parties—the promotion winners—to attend Giants games in violation of the terms and conditions on the backs of Giants Tickets. Clear Channel also is inducing the sources of the Giants Tickets to breach the terms and conditions when it uses them for commercial purposes.

38.     The acts of Clear Channel, as described above, have damaged Plaintiffs in an amount that cannot be ascertained at this time and, unless restrained, will cause further damage.

39.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Clear Channel, restraining further acts of tortious interference with contractual relations and, after trial, to recover the damages resulting from the aforesaid acts of tortious interference with contractual relations together with Clear Channel's profits.

## COUNT III:  Trademark Infringement

40.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 39 above as if fully set forth herein.

41.     The unauthorized use by Clear Channel of the GIANTS® trademark and "NY GIANTS" is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of the Clear Channel Stations' promotion involving Giants Tickets, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.    The acts of Clear Channel, as described above, have caused and are causing great and irreparable injury in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

43.    By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Clear Channel, restraining further acts of trademark infringement and, after trial, to recover the damages resulting from the aforesaid acts of trademark infringement together with Clear Channel's profits.

### COUNT IV:  False Designation of Origin, False Representations and False Advertising

44.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 43 above as if fully set forth herein.

45.    The unauthorized use by Clear Channel of the GIANTS® trademark and "NY GIANTS" is likely to cause and has caused consumers mistakenly to believe that the Clear Channel Stations and their promotion involving Giants Tickets are sponsored, approved or endorsed by, or are otherwise affiliated with, the Giants, the NFL and/or NFL Properties.

46.    Because Clear Channel is awarding Giants Tickets without authorization and in violation of the terms and conditions on the backs of Giants Tickets, the Giants have the right, *inter alia*, to refuse entry to—or eject—any spectator who attends the

13

game in violation of those terms.  Clear Channel thus is falsely advertising that it is authorized to provide contest winners with access to Giants games and that winners will be able to attend Giants games.

47.      By engaging in the activities described above, Clear Channel has made and is making false, deceptive and misleading statements constituting false designation of origin, false representations and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.      The acts of Clear Channel, as described above, have caused and are causing great and irreparable injury to Plaintiffs in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

49.      By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Clear Channel, restraining further acts of false designation of origin, false representations and false advertising, and, after trial, to recover the damages resulting from the aforesaid acts of false designation of origin, false representations and false advertising, together with Clear Channel's profits.

### COUNT V:  Federal Trademark Dilution

50.      Plaintiffs repeat and reallege the allegations in paragraphs 1 through 49 above as if fully set forth herein.

51.    The GIANTS® and NEW YORK GIANTS® marks are among the most famous trademarks used in interstate commerce in the United States.  Among other things, (a) these trademarks are inherently distinctive and have a high degree of acquired distinctiveness; (b) the Giants and the NFL have used these trademarks for many years throughout the United States and worldwide in connection with numerous products and services; (c) the Giants and the NFL have advertised and publicized these trademarks for a considerable amount of time throughout the United States and worldwide; (d) the Giants and the NFL have used these trademarks in a trading area of broad geographical scope encompassing, *inter alia*, all of the states and territories of the United States; (e) these trademarks have an extremely high degree of recognition among consumers in the United States; (f) there are no similar trademarks lawfully in use to any extent or in any nature by third parties in connection with such a broad range of products and services; and (g) these trademarks currently are registered under the Lanham Act on the Principal Register.

52.    The acts of Clear Channel, as described above, dilute and detract from the distinctiveness of the famous GIANTS® and NEW YORK GIANTS® marks, as well as other famous trademarks and designations associated with the NFL, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

53.    Clear Channel's willful acts of trademark dilution have caused and are causing great and irreparable injury to Plaintiffs in an amount that cannot be ascertained

at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

54.    By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Clear Channel, restraining further acts of trademark dilution, and, after trial, to recover the damages resulting from Clear Channel's bad faith acts of trademark dilution, together with Clear Channel's profits.

### COUNT VI:  Trademark Infringement Under State Law

55.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54 above as if fully set forth herein.

56.    Clear Channel's acts, as described above, constitute trademark infringement under N.J. Stat. § 56:3-13.16.

### COUNT VII:  Dilution Under State Law

57.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 56 above as if fully set forth herein.

58.    Clear Channel's acts, as described above, dilute and detract from the distinctive quality of the famous GIANTS® and NEW YORK GIANTS® marks and other famous trademarks and designations associated with the Giants and the NFL, with consequent damage to Plaintiffs and to the business reputation and goodwill symbolized

by these trademarks, in violation of New Jersey's Anti-Dilution Statute, N.J. Stat. § 56:3-13.20.

### COUNT VIII:  Unfair Competition Under State Law

59.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 58 above as if fully set forth herein.

60.    Clear Channel's acts, as described above, constitute unfair competition under N.J. Stat. § 56:4-1.

### COUNT IX:  Consumer Fraud Under State Law

61.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 60 above as if fully set forth herein.

62.    The acts of Clear Channel, as described above, constitute an unconscionable commercial practice and false advertising of merchandise in violation of N.J. Stat. § 56:8-2.

### Prayer for Relief

WHEREFORE, the Giants and NFL Properties respectfully request that the Court:

A.  Declare that:

(1) Clear Channel's unauthorized commercial use of Giants Tickets for promotional purposes constitutes a breach of contract, tortious interference with contractual relations and false advertising; and

17

(2) Clear Channel's unauthorized commercial use of the GIANTS®
trademark and "NY GIANTS" violates Plaintiffs' rights under the Lanham Act, New
Jersey statutory law and common law.

B.  Immediately and permanently enjoin Clear Channel and its stations, agents,
officers, directors, servants, employees, representatives, attorneys, related companies,
successors, assigns, affiliates and all others in active concert or participation with it,
from:

(1) Using Giants Tickets or any other tickets to NFL games for any
advertising, promotional or other commercial purpose (including in connection with
contests, sweepstakes and giveaways) without the express authorization of NFL
Properties, the NFL and/or the relevant Member Club;

(2) Making any use, in whole or in part, of the GIANTS® or NEW YORK
GIANTS® marks, "NY GIANTS," or any marks or designations identical or similar to, or
likely to dilute or detract from, any NFL Marks without the express authorization of NFL
Properties, the NFL and/or the Giants;

(3) Representing by any means whatsoever, directly or indirectly, that any
promotions, contests, sweepstakes, giveaways or services offered by Clear Channel are
authorized, sponsored, licensed, endorsed or promoted by, or otherwise affiliated with,
the NFL, NFL Properties, the Giants or any other Member Clubs without the express
authorization of the NFL, NFL Properties and/or those Member Clubs; diluting any NFL
Marks; or otherwise taking any action likely to cause confusion, mistake or deception on
the part of consumers as to the source or origin of such promotions, contests,

18

sweepstakes, giveaways or services or as to any sponsorship, approval or affiliation

relationship between Clear Channel and the NFL, NFL Properties or the Member Clubs;

and

           (4) Doing any other acts or things calculated or likely to cause confusion

or mistake in the minds of the public or to lead consumers into the false belief that any

promotions, contests, sweepstakes, giveaways or services offered by Clear Channel are

authorized, sponsored, licensed, endorsed or promoted by the NFL, NFL Properties, the

Giants or any other Member Clubs, or are otherwise affiliated with or connected to the

NFL, NFL Properties, the Giants or any other Member Clubs, and otherwise unfairly

competing with the NFL, NFL Properties, the Giants or any other Member Clubs.

     C.  Order that Clear Channel account for its profits and all damages sustained

arising from its foregoing acts, and that Plaintiffs recover a sum equal to three times such

profits or damages (whichever is greater) pursuant to 15 U.S.C. § 1117(b) and N.J. Stat

§§ 56:3-13.16(d) and 56:4-2.

     D.  Direct Clear Channel to file with the Court and serve on counsel for Plaintiffs

within thirty (30) days after entry of any injunction issued by the Court in this action, a

sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner

and form in which Clear Channel has complied with any injunction which the Court may

enter in this action.

     E.  Award costs, including reasonable attorneys' fees and disbursements in this

action, pursuant to 15 U.S.C. § 1117 and N.J. Stat. § 56:3-13.16(d).

F.  Award such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiffs New York Football Giants, Inc. and NFL Properties LLC hereby demand a trial by jury.


Dated: Newark, New Jersey            Respectfully submitted,
        November 15, 2005

By: _Mellissa J. Longo_____
        MELLISSA L. LONGO (ML-3762)

        Robertson, Freilich, Bruno & Cohen, LLC
        One Riverfront Plaza, 4th Floor
        Newark, New Jersey 07102
        (973) 848-2100

        Attorneys for Plaintiffs New York Football Giants, Inc. and NFL Properties LLC

Of Counsel:
Bruce P. Keller (BK-9300)
S. Zev Parnass (SP-3284)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

To the best of the undersigned's knowledge, it is hereby certified that the matter in controversy is not the subject of any other pending or contemplated action in any court, nor is it the subject of any pending or contemplated arbitration proceeding.

Dated: Newark, New Jersey
      November 15, 2005

Respectfully submitted,

By: _Mellissa L. Longo_

MELLISSA L. LONGO (ML-3762)

Robertson, Freilich, Bruno & Cohen, LLC
One Riverfront Plaza, 4th Floor
Newark, New Jersey 07102
(973) 848-2100

Attorneys for Plaintiffs New York Football Giants, Inc. and NFL Properties LLC

Of Counsel:
Bruce P. Keller (BK-9300)
S. Zev Parnass (SP-3284)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000