NEW YORK FOOTBALL GIANTS, INC. et al v. CLEAR CHANNEL COMMUNICATIONS, INC.

Case 2:05-cv-05414-JLL-RJH    Document 1-7    Filed 11/15/2005    Page 1 of 3

Doc. 1 Att. 6

**EXHIBIT F**

Dockets.Justia.com



## NATIONAL FOOTBALL LEAGUE

November 11, 2003

**VIA FACSIMILE (210-832-3428)**
**CONFIRMATION VIA MAIL**

Mr. Hamlet T. Newsom Jr.
Senior Corporate Counsel
Clear Channel Worldwide
200 East Basse Road
San Antonio, TX 78209

    RE:    Unauthorized Promotion of Atlanta Falcons Coverage

Dear Mr. Newsom:

This responds to your letter of November 3, 2003, sent in response to my October 10, 2003 letter to Bruce Collins.

We cannot agree with your assertion that WGST has the right to give away Atlanta Falcons game tickets. The back of each ticket to an Atlanta Falcons game expressly forbids the use of the ticket for "advertising, promotion or other commercial purposes (including contests, sweepstakes and giveaways) without the NFL's and the Falcons express written consent." The unsupported statement that this "language is enforceable only against the holder of the ticket who actually attempts to enter the event" is simply wrong. It is black-letter law that restrictions imposed on tickets bind each purchaser and/or ticketholder -- not just the individual who attempts to enter. *See, e.g., Transworld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676, 686-87 (9th Cir. 1990) (it is well-settled "that the condition of non-transferability and forfeiture embodied in . . . tickets [is] not only binding upon the original purchaser but upon anyone who acquired such a ticket and attempted to use the same in violation of its terms") (citation omitted). Not only is the law quite clear on this point, we understand that Clear Channel itself has relied on these black-letter principles when it has attempted to stop other radio stations from giving away tickets to Clear Channel concerts.

Moreover, even if we were to accept, solely for the sake of argument, that Clear Channel's position were correct, it still would leave Clear Channel exposed to significant liability. Because, as even your letter concedes, we have the right to refuse to honor any tickets you purport to award to listeners or others entering your contests, any Clear Channel promotion claiming that contest winners will be able to attend the Atlanta Falcons games is rendered literally false.

Given this false advertising and the other acts of ambush marketing in which WGST has engaged, we think that WGST's use of the phrases BEST FALCON COVERAGE and

HOME OF THE BEST FALCONS COVERAGE, also falsely communicates that WGST has some form of marketing or other relationship with the Atlanta Falcons. This confusion is further exacerbated by WGST's use of the Falcons' word mark and logotype in its print promotional advertisements including, for example, in its advertisement that appeared in the September 26 – October 2, 2003 edition of the Atlanta Business Chronicle at page 5B.

Please contact me at your earliest convenience but, in any event, by no later than close of business on November 18, 2003 so that we can resolve this matter.

Very truly yours,

David M. Proper
Counsel

cc:   Mark Fuhrman