**EXHIBIT G**



# NATIONAL FOOTBALL LEAGUE

December 16, 2004

**VIA FACSIMILE (210-832-3428)**
**CONFIRMATION VIA OVERNIGHT MAIL**

Mr. Hamlet T. Newsom, Jr.
Associate General Counsel
Clear Channel Worldwide
200 East Basse Road
San Antonio, Texas 78209

      RE:    Unauthorized Use of NFL Property Rights

Dear Mr. Newsom:

When we last spoke at the end of August, 2004 regarding KTBZ-FM's unauthorized promotional use of Houston Texans' tickets, you indicated that you would confirm for me, in writing, Clear Channel's position with regard to the promotional use of NFL tickets. To date, I have not received any such correspondence.

We have recently become aware of numerous commercial promotions by Clear Channel entities that clearly demonstrate Clear Channel's intention to ignore the restrictions on our ticketbacks prohibiting such promotions, including Clear Channel's "Super Bowl Week at the Radisson Riverwalk," and team ticket giveaways run by KTRH-AM in Houston, WDFN-AM in Detroit, and WODT-AM in New Orleans, to name but a few. This requires us to reiterate that all such promotions breach the terms and conditions that govern the use of each NFL game ticket.

As to your prior assertion that NFL ticket restrictions are only enforceable against the final ticketholder presenting the ticket for admission, we can find – and you have provided – no caselaw supporting this position. By contrast, we have provided numerous citations to cases supporting the enforceability of the ticketback restrictions on each ticketholder. Further, even if your position were accepted, Clear Channel's promotions involving NFL tickets would, at a minimum, wrongfully induce third parties to violate our ticketback restrictions. See, e.g., Academy of Motion Picture Arts and Sciences v. Olsen, 2004 Cal. App. Unpub. LEXIS 1439 (Feb. 17, 2004).

Finally, we find Clear Channel's position particularly puzzling given the positions it has asserted in the past against radio stations offering concert tickets to Clear Channel-sponsored concerts.

In light of your renewed activities, we demand that Clear Channel cease all unauthorized promotional use of NFL tickets. If we do not hear from you by December 28, 2004, we will assume you have rejected our demand and act accordingly.

Sincerely,

Paula M. Guibault
Senior Intellectual Property Counsel

cc: Gary Gertzog, David Proper