**EXHIBIT H**

Dockets.Justia.com



## NATIONAL FOOTBALL LEAGUE

October 14, 2005

**VIA OVERNIGHT MAIL**

Ms. Joanne Aloi
General Manager
WKGB-FM WBBI-FM
320 Jensen Road
Vestal, NY 13850

### Unauthorized Giveaway of Giants Tickets

Dear Ms. Aloi:

NFL Properties LLC represents the National Football League (the "NFL") and its member clubs, including the New York Giants (the "Giants"), in the enforcement of their intellectual property rights.

It has come to our attention that the two stations you manage, WKGB-FM and WBBI-FM, are engaged in the unauthorized giveaway of Giants game tickets. Such giveaways violate the express terms set forth on the back of each Giants game ticket, which prohibit the use of game tickets in connection with "advertising, promotion or other commercial purposes (including contests, sweepstakes and giveaways)" without the express written consent of the NFL and Giants.

The NFL has previously advised other Clear Channel stations of the violations they commit when running unauthorized ticket giveaway promotions without first obtaining the requisite prior written consent. We are also aware that the Giants have previously given you the same notice. In fact, we understand that you initially represented you would cease these unauthorized promotions but have now apparently rescinded.

That your stations nevertheless continue to engage in these types of unauthorized promotions is a matter of great concern. Accordingly, please be advised that the NFL and Giants have the right, and hereby expressly reserve the right, to refuse to honor any tickets you purport to award to listeners or others entering your contests. You are therefore on notice that the Giants reserve the right to eject from the stadium anyone occupying the seats corresponding to any tickets you award. *See Transworld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676 (9th Cir. 1990) (enforcing

Ms. Joanne Aloi          2          October 14, 2005

airline's tariff restricting the transfer of frequent flyer coupons against holder of brokered coupons); *Collister v. Hayman*, 183 N.Y. 250 (1905) (upholding theater's decision to refuse admission to those who purchased tickets from a ticket broker who violated the terms and conditions of the ticket); *Levine v. Brooklyn Nat'l League Baseball Club, Inc.*, 179 Misc. 22, 36 N.Y.S.2d 474 (Kings Co. 1942) (upholding the right of the Dodgers to restrict the re-sale of Dodgers tickets and to refuse all tickets transferred in violation thereof). This, of course, would render literally false and unlawful the statements made by your stations claiming that contest winners will be able to attend the Giants games. In addition, the NFL and the Giants expressly reserve any other claims available to them in light of this unauthorized promotion including, but not limited to, claims brought under the Lanham Act and other unfair competition law.

Please confirm in writing by <u>October 24, 2005</u> that your stations have discontinued permanently all uses of NFL tickets as promotional items. If we do not hear from you by that time, we will assume you are uninterested in resolving this matter amicably.

Sincerely,

David M. Proper
Counsel

cc: Rusty Hawley

22045944v2